UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEBBIE TEJEDOR | : | CIVIL ACTION NO: |
| | : | JUDGE: |
| VERSUS | : | MAGISTRATE JUDGE: |
| MOUNTAIN LAKE RISK RETENTION GROUP, INC., U.S. XPRESS, INC., AND ROBIN COPE | : | JURY TRIAL REQUESTED |

_____

**PETITION FOR REMOVAL**

**PLEASE TAKE NOTICE** that defendants, Mountain Lake Risk Retention Group, Inc., U.S. Xpress, Inc., and Robin Cope (collectively, "Defendants") in that certain proceeding entitled and numbered cause from the 9th Judicial District Court for the Parish of Rapides, State of Louisiana, bearing Docket 269-866, Division "F," entitled "*Debbie Tejedor v. Mountain Lake Risk Retention Group, Inc., U.S. Xpress, Inc., and Robin Cope*" provide their Notice of Removal and hereby remove this action to the United States District Court in and for the Western District of Louisiana.

A copy of this Notice of Removal is being served upon Richard F. Zimmerman, III, 5656 Hilton Avenue, Baton Rouge, Louisiana 70808, counsel for the Plaintiff, Debbie Tejedor, and a copy of this Notice of Removal is also being filed with the Clerk of Court of the above referenced State court in conformity with 28 U.S.C. § 1446(d). In addition, pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and/or orders served upon Defendants is attached hereto as Exhibit 1.

**MOUNTAIN LAKE RISK RETENTION GROUP, INC., U.S. XPRESS, INC., AND ROBIN COPE,** respectfully submit that the grounds for removal of this matter are as follows:

### I. PREFACE

1.

The Plaintiff, Debbie Tejedor ("Plaintiff"), filed a Petition for Damages (the "Petition") entitled *"Debbie Tejedor v. Mountain Lake Risk Retention Group, Inc., U.S. Xpress, Inc., and Robin Cope,"* on January 22, 2021 in the 9th Judicial District Court for the Parish of Rapides, State of Louisiana, which state court is within the jurisdiction of the United States District Court, Western District of Louisiana.

2.

Plaintiff set forth a claim for damages arising out of personal injuries which allegedly occurred because of a motor vehicle accident on or about February 5, 2020, in Calcasieu Parish, State of Louisiana. Named as defendants in the Petition were Mountain Lake Risk Retention Group, Inc., U.S. Xpress, Inc., and Robin Cope.

3.

Service of the Petition was effectuated upon Mountain Lake Risk Retention Group, Inc., U.S. Xpress, Inc., and Robin Cope on or about February 9, 2021 pursuant to the Louisiana Long-Arm Statute.[1]

4.

Defendants' filed answers to the lawsuit.[2]

5.

As described in greater detail below, the amount in controversy was undisclosed until Defendants received an "other paper" in the form of a medical documentation produced in

---

[1] Exhibit 1, State Court Records, in globo.
[2] *Id.*

response to a subpoena duces tecum directed to The Neuromedical Center and furnished to Defendants on December 1, 2021.

## II.     DIVERSITY OF CITIZENSHIP

6.

Plaintiff alleges she is a Louisiana domiciliary. Accordingly, Plaintiff is a citizen of the State of Louisiana.

7.

Mountain Lake Risk Retention Group, Inc., is a Vermont corporation with its principal place of business in Vermont. Accordingly, Mountain Lake Risk Retention Group, Inc. is a citizen of Vermont for the purposes of a diversity jurisdiction analysis.

8.

U.S. Xpress, Inc. is a Nevada corporation with its principal place of business in Tennessee. Accordingly, U.S. Xpress, Inc. is a citizen of Tennessee for the purposes of diversity jurisdiction analysis.

9.

Robin Cope is a resident of and is domiciled in Georgia. Accordingly, Mr. Cope is a citizen of Georgia for the purposes of a diversity jurisdiction analysis.

10.

There is complete diversity of citizenship between Plaintiff and Defendants in this matter, as required for original jurisdiction to vest in the United States District Court for the Western District of Louisiana under 28 U.S.C.A. section 1332.

## III.    THE UNKNOWN AMOUNT IN CONTROVERSY IS LATER REVEALED THROUGH AN "OTHER PAPER" IN THE FORM OF PLAINTIFF MEDICAL RECORDS FURNISHED IN RESPONSE TO A RECORDS SUBPOENA ON DECEMBER 1, 2021

11.

Plaintiff's Petition was silent as to the amount of damages allegedly sustained as a result of this accident simply alleging, in pertinent part that, "…the **18-WHEELER** pulled in behind the **TEJEDOR VEHICLE** and suddenly and without warning crashed into the rear of the **TEJEDOR VEHICLE** causing a violent collision between the two vehicles." Petition at Paragraph 5.

12.

In connection with those allegations of negligence, Plaintiff's Petition suggested she sustained injuries, "including, but not limited to: 1) Head pain; 2) Neck pain; 3) Shoulder pain; 4) Arm pain; 5) Back pain; 6) Hip pain; 7) Leg pain; 8) General soreness to the body as a whole; and, 9) Other injuries which will be more fully established at trial." Petition at Paragraph 6.

13.

The Petition sought an indeterminate sum of damages for past, present and future physical pain and suffering, mental anguish, loss of enjoyment of life, disability, medical expenses, lost wages/loss of earning capacity, property damage and "other elements of damage to be more fully set forth at the trial of this matter. Petition at Paragraph 7.

14.

Defendants issued discovery to Plaintiff seeking basic information, including the completion of medical authorizations. However, responses were never provided. Defendants later issued Subpoenas *Duces Tecum* two to two treating physicians in an attempt to obtain a preliminary picture of Plaintiff's injuries. Medical Records were received by Defendants in response to those Subpoenas on December 1, 2021 and December 2, 2021 respectively. The first response was provided by The Neuromedical Center and Dr. Oberlander therewith.

15.

Plaintiff's medical records revealed that her treating physician, Dr. Oberlander, recommended she undergo a transforaminal lumbar interbody fusion at L5-S1. The records reflect the Plaintiff was ready to schedule that surgical intervention.[3]

16.

In light of this surgical intervention, Defendants were able to finally ascertain that this case is one which "…has become removable."[4]

17.

Based on the above and foregoing, and specifically in light Plaintiff's scheduled surgical intervention for lumbar complaints it is evident that Plaintiff alleges damages greater than $75,000.00, and the amount in controversy requirement of 28 U.S.C. §1332 is met, invoking the diversity jurisdiction of this Court.

18.

Since there is complete diversity of citizenship between Plaintiff and Defendants, and because the amount in controversy exceeds $75,000, the United States District Court for the Western District of Louisiana is vested with original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332.  Accordingly, this action may be removed to this Honorable Court pursuant to 28 U.S.C. § 1441.

---

[3] *See* Exhibit 2, Excerpts from Plaintiff's Medical Records provided in December 1, 2021 Subpoena response.

[4] See 28 U.S.C. § 1446(c)(3)(A). ("If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3).").

**WHEREFORE,** defendants, Mountain Lake Risk Retention Group, Inc., U.S. Xpress, Inc., and Robin Cope, pray that this Notice of Removal be deemed good and sufficient and that the aforesaid Petition for Damages be removed from the 9th Judicial District Court for the Parish of Rapides, State of Louisiana, to this Honorable Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in such civil action from such state court, and thereupon proceed with the civil action as if it had been commenced originally in this Honorable Court.

Respectfully submitted,

**The Dill Firm, A.P.L.C.**

BY:   */s/ Michael C. Wynne*
_____
JAMES M. DILL (Bar Roll #18868)
MICHAEL C. WYNNE (Bar Roll #36096)
825 Lafayette Street
Post Office Box 3324
Lafayette, Louisiana 70502-3324
Telephone: (337) 261-1408 Ext. 211
Facsimile: (337) 261-9176
Email: jdill@dillfirm.com
Email: mwynne@dillfirm.com
ATTORNEYS FOR DEFENDANTS

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 31st day of December, 2021, a copy of the foregoing pleading was filed electronically with the Clerk of Court using CM/ECF system.  This filing will be sent to counsel for all parties to this proceeding by operation of the Court's electronic filing system.

*/s/ Michael C. Wynne*
_____
MICHAEL C. WYNNE